## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **TERESA EVANS,** | ) | |
| | ) | |
| PLAINTIFF, | ) | **Case No: _____** |
| | ) | |
| vs. | ) | |
| | ) | **JURY DEMAND** |
| **VANDERBILT UNIVERSIY** | ) | |
| **MEDICAL CENTER,** | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Teresa Evans ("Plaintiff" or "Mrs. Evans"), by and through counsel of record, files her *Complaint* against Vanderbilt University Medical Center, and alleges as follows:

### I.  INTRODUCTION

1. This is a civil action to make whole the Plaintiff for denial and interference with the exercise of rights guaranteed by the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADAAA"), including the right to be reasonably accommodated without interference or retaliation, retaliation for opposition to unlawful actions, and be free from discrimination against her on account of Plaintiff's specific disabilities; said action also brings suit under the Tennessee Disability Act ("TDA"), TCA § 8-50-103 et seq., including the right to be protected from retaliation for opposition to unlawful actions, and be free from discrimination against her on account of Plaintiff's specific disabilities.

### II.  PARTIES

2. Plaintiff at all times relevant to this *Complaint,* resided in Centerville, Tennessee.

1

3. Defendant Vanderbilt University Medical Center is a non-profit organization, with its principal corporate address at 1161 21st Ave. South Medical Center North D-3300, Nashville, Tennessee 37232-5545. At the time of the events subject of this *Complaint* herein, Defendant regularly did business in the Nashville, Davidson County, Tennessee area and employed more than 50 persons in the said area at the time of the facts that form the basis of this *Complaint*.

4. Valid service of process may be obtained on Defendant Vanderbilt University Medical Center's registered agent, National Registered Agents Inc., at 300 Montvue Rd. Knoxville, TN 37919-5546.

5. Plaintiff is a qualified individual with a disability.

### III. JURISDICTION AND VENUE

6. Plaintiff brings this action under 28 U.S.C. § 1331, alleging the original jurisdiction of this Honorable Court over this private suit to enforce federal civil rights and employment law protections.

7. Venue is proper in the United States District Court for the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b)(2) because the unlawful employment practices occurred within Davidson County, Tennessee, where Plaintiff formerly worked, where Plaintiff suffered the unlawful employment practices and resultant damages, and where Plaintiff would have continued to be employed by Defendant in the absence of its unlawful employment practices.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and did so within 300 days of the actions of which she complained. Plaintiff filed her Charges for violations of the ADA on May 13, 2024 (Charge No. 494-2024-02781). On May 23, 2024, Plaintiff received her *Right to Sue Notices* from the EEOC for the aforementioned Charges

and therefore concluded the process of exhaustion requirements with the EEOC. Accordingly, this lawsuit and supporting ADA claims are properly and timely filed within ninety (90) days of issuance by the EEOC of Plaintiff's Notices of Right to Sue Letter on May 23, 2024. **(Exhibit 1, "Notice of Right to Sue").**

## V. STATEMENT OF FACTS

9. Plaintiff Teresa Evans was a secretary to a prominent Vanderbilt doctor, Dr. Gordon Bernard at Vanderbilt University Medical Center from 1994 until November 11, 2013, when Mrs. Evans had a stroke at work.

10. Mr. Evans drove Mrs. Evans to and from work until Mrs. Evans retested with the DMV in May of 2014 and was able to drive herself.

11. During her rehabilitation process, it was determined that Mrs. Evans had night vision and short term memory impairments as a result of her stroke.

12. Mrs. Evans DMV test results in May 2014 confirmed that after her stroke, it was unsafe for her to drive at night.

13. Despite her struggles, Mrs. Evans went back to work for Dr. Bernard from roughly May 2014 until November of 2016.

14. After 2 ½ years working the same job prior to her stroke with Dr. Bernard, Vanderbilt created a new position as the Lead Administrative Assistant for Mrs. Evans to help accommodate for her disability.

15. She started her new position on or about November 11, 2016.

16. In her role as Lead Administrative Assistant, Mrs. Evans served as a primary resource for daily operations and provided administrative and business support.

17. In November of 2020, Mr. and Mrs. Evans moved from Nashville to Centerville, TN.

3

18. Because of the 75 minute commute, Mrs. Evans' supervisor at the time, Jennifer Smith, allowed Mrs. Evans to work from 8:30AM-3:00PM beginning in November 2020.

19. In January 2024, her new manager Wesley Self insisted she work from 7:30AM-4:00PM. Because it is a 75 minute commute from Centerville to Vanderbilt University Medical Center, Mrs. Evans would have to drive at night under this new schedule.

20. To resolve the issue, Mrs. Evans filed a Reasonable Accommodation Healthcare Provider Form for the Human Resources department at Vanderbilt University Medical Center in December 2023. **Exhibit 2: Reasonable Accommodation Healthcare Provider Form.**

21. Mrs. Evans received the completed Reasonable Accommodation Healthcare Provider form from Dr. Timothy J. Hinton that stated Mrs. Evans needed accommodation that required her to leave work by 3:00PM.

22. She also had an HR exception regarding her limitation.

23. Mr. Self disregarded Mrs. Evans' accommodations request.

24. Mr. Self refused to allow Mrs. Evans to have a schedule that allowed her to commute during daylight hours.

25. Mrs. Evans attempted to resolve the issue through various communications with Mr. Self regarding schedule changes.

26. The first week Mrs. Evans attempted to drive in the dark she nearly crashed her car.

27. Because Mrs. Evans nearly crashed her car being forced to disregard doctor's orders for driving at night (both in the morning before 7am and in the dark after 4pm), Mr. Evans began driving to and from Mrs. Evans' work every day from Centerville.

28. In total, Mr. Evans was driving five and a half hours every day to take Mrs. Evans to and from work.

29. Driving five and a half hours every day to take Mrs. Evans to and from work eventually became too big of a burden for Mr. Evans to manage.

30. Mrs. Evans gave her two-week notice on February 2nd, 2024, after 34 years working at Vanderbilt University Medical Center.

31. Mrs. Evans will not reach full retirement age until June 6, 2026. Mrs. Evans would have continued to work at Vanderbilt University Medical Center if her disability accommodation request had been approved.

32. Vanderbilt University Medical Center did not allow Mrs. Evans to use or get paid for her remaining accrued vacation and sick days. Mrs. Evans was making $34 an hour at the time of her constructive termination and still had two years and four months until she reached full retirement age.

33. The wages Mrs. Evans would have received had she been able to work until full retirement, that is, until June 6, 2026, would be around $162,458.80. With 75 vacation days' worth $20,478 health insurance worth $6,795.57, and 401k matching funds of $3761.59, Mrs. Evans has faced a loss of over $193,493.96.

## VI. CAUSES OF ACTION

### Count 1

### Violation of ADA/ADAAA– Disability Discrimination

34. Plaintiff restates and incorporates herein the above paragraphs in their entirety.

35. Pursuant to the ADAAA, an individual is considered to have a disability if she has a physical impairment that substantially limits one or more major life activities, has a record of such an impairment, or is regarded as having such impairment.

36. Plaintiff has a disability that affects her vision, a disability that substantially limited her

5

in one or more major life activities, including walking, driving, working and caring for herself.

37. Plaintiff was a qualified individual with a disability because she could perform the functions of her job with or without accommodation.

38. Plaintiff could perform the essential functions of her job. Plaintiff made a request for reasonable accommodation, including, but not limited to, continuing the hours scheduled for her that were consistently 8:30AM-3:00PM or continuing the scheduled hours of 8:30AM-3:00PM during daylight-savings months and 7:30AM-4:00PM the other months of the year.

39. Plaintiff was discriminated against and eventually forced to terminate the employer-employee relationship because of her disability and/or being regarded as disabled and/or request for a reasonable accommodation.

40. All that Vanderbilt University Medical Center needed to do to offer reasonable accommodation for Mrs. Evans' disability was allow her to remain at her original schedule from 8:30AM-3:00PM, even if just during the months of daylight savings time. She was therefore denied reasonable accommodations for her disability in violation of the ADAAA.

41. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

42. As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

**Count II**

**Violation of ADAAA- Retaliation**

43. Plaintiff restates and incorporates herein the foregoing paragraphs.

6

44. It is federal public policy and law under the Americans with Disabilities Act that employees must be able to exercise their rights without fear of reprisal or penalty from an employer.

45. Plaintiff engaged in protected activity under the ADA when she requested an accommodation of a work schedule that allows her to avoid driving at night to care for her disabling condition. Such actions by the Plaintiff are statutorily protected activities under ADA.

46. Defendant retaliated against Plaintiff for exercising her rights under the ADA, i.e., requesting an accommodation, by refusing to give her back the hours she had prior to Mr. Self's managerial role over Mrs. Evans.

47. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

48. As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

**Count III**

**Violation of TDA- Disability Discrimination**

49. Plaintiff restates and incorporates herein the above paragraphs in their entirety.

50. Plaintiff was disabled as defined by the TDA.

51. Plaintiff was a qualified individual with a disability and/or regarded as disabled.

52. Defendant discriminated against Plaintiff on the basis of her disability in violation of the TDA that culminated in her constructive termination.

53. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

54. As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

## VII. RELIEF REQUESTED

Plaintiff respectfully requests:

1. A jury trial;

2. Back pay and damages for lost benefits, insurance and actual damages;

3. Front pay;

4. Compensatory damages for embarrassment, humiliation, stress, anxiety, inconvenience, and loss of enjoyment of life;

5. Liquidated damages;

6. Punitive damages;

7. Attorneys' fees and expenses;

8. Prejudgment interest and, if applicable, post-judgment interest; and

9. Such other and further legal or equitable relief to which she may be entitled under the ADA, the TDA, and any other statutory or common law.

## VIII. TRIAL BY JURY

Plaintiff respectfully demands a trial by jury on all issues.

**Respectfully submitted,**

/s/ Adam Rodrigues
Adam Rodrigues, BPR#040141
Adam Rodrigues Law PLLC
4183 Franklin Rd. Ste B1 Box 209
Murfreesboro, TN 37128
Tel: 615-270-2074
Fax: 615-709-5770
adam@adamrodrigueslaw.com