**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| TERESA EVANS, | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | NO. 3:24-cv-00712 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| VANDERBILT UNIVERSITY | ) | MAGISTRATE JUDGE EVANS |
| MEDICAL CENTER, | ) | |
| | ) | |
|     **Defendant.** | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Vanderbilt University Medical Center's ("Defendant") Motion for Judgement on the Pleadings (Doc. No. 19). Plaintiff Teresa Evans ("Plaintiff") filed a response in opposition (Doc. No. 21), and Defendant filed a reply (Doc. No. 28). For the reasons below, the motion will be **GRANTED** in part and **DENIED** in part.

## I.    FACTUAL BACKGROUND

Plaintiff was a secretary at Vanderbilt University Medical Center from 1994 until November 11, 2013, when Plaintiff had a stroke at work. (Compl. ¶ 9). After Plaintiff's stroke, Plaintiff's husband drove her to work until May 2014 when Plaintiff retested with the DMV and was able to drive herself. (*Id.* ¶ 10). Due to her stroke, Plaintiff had night vision and short term memory impairments. (*Id.* ¶ 11). Plaintiff's May 2014 DMV test results confirmed that it was unsafe for her to drive at night. (*Id.* ¶ 12). Plaintiff returned to work in the same job from May 2014 until November 2016. (*Id.* ¶ 13).

After 2 ½ years working in the same job, Vanderbilt created a new position for Plaintiff as the Lead Administrative Assistant to help accommodate for her disability. (*Id.* ¶ 14). In this role,

Plaintiff served as the primary resource for daily operations and provided administrative and business support. (*Id.* ¶ 16).

In November 2020, Plaintiff and her husband moved from Nashville to Centerville, TN. (*Id.* ¶ 17). Because of the 75-minute commute, Plaintiff's supervisor at the time allowed Plaintiff to work from 8:30 a.m. - 3:00 p.m. beginning in November 2020. (*Id.* ¶ 18). In January 2024, Plaintiff's new manager, Wesley Self, insisted she work from 7:30 a.m. - 4:00 p.m. (*Id.* ¶ 19). Under this schedule, Plaintiff would have to drive at night due to her 75-minute commute. (*Id.*) To resolve this issue, Plaintiff filed a Reasonable Accommodation Healthcare Provider Form with Defendant's Human Resources department in December 2023. (*Id.* ¶ 20). Plaintiff's doctor, Dr. Timothy J. Hinton, completed a Reasonable Accommodation Healthcare Provider Form that stated she needed accommodation that required her to leave work by 3:00 p.m. (*Id.* ¶ 21). She also had an HR exception regarding her limitation. (*Id.* ¶ 22). Plaintiff's manager disregarded the accommodations request and refused to allow Plaintiff to have a schedule that allowed her to commute during daylight hours. (*Id.* ¶¶ 23-24).

Plaintiff nearly crashed her car the first week she attempted to drive in the dark, and as a result, Plaintiff's husband began driving her to and from work every day. (*Id.* ¶¶ 26–27). Eventually, the burden of driving Plaintiff to work every day became too burdensome for Plaintiff's husband. (*Id.* ¶ 29). On February 2, 2024, after 34 years of working at Vanderbilt, Plaintiff gave her two-week notice. (*Id.* ¶ 30). Plaintiff alleges that she will not reach full retirement age until June 6, 2026 and that she would have continued to work at Vanderbilt if her disability accommodation request had been approved. (*Id.* ¶ 31).

2

Plaintiff brings claims for disability discrimination under the American Disability Act, as amended, 42 U.S.C. § 12101, *et seq.* (the "ADA") and the Tennessee Disabilities Act, TCA § 8-50-103, *et seq.* (the "TDA"). Plaintiff also brings a retaliation claim under the ADA.

Defendant moved for judgement on the pleadings under Fed. R. Civ. P 12(c).

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). The standard for evaluating a motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 608 (6th Cir. 2014). "In reviewing a motion for judgment on the pleadings, we construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle [him to] relief." *Id.* (internal quotation marks and citations omitted). "Judgment on the pleadings is proper 'when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Anders v. Cuevas*, 984 F.3d 1166, 1174 (6th Cir. 2021) (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

"In ruling on a motion under Rule 12(c), the court may look only at the 'pleadings.'" *Doe v. Belmont Univ.*, 334 F. Supp. 3d 877, 887 (M.D. Tenn. 2018). "The term 'pleadings' includes both the complaint and the answer, Fed. R. Civ. P. 7(a), and '[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.'" *Id.* (internal citation omitted). "But the Court also may consider the documents attached to them, documents referenced in the pleadings that are 'integral to the claims,' [and] documents that are not mentioned specifically but

3

which govern the plaintiff's rights and are necessarily incorporated by reference." *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 355 F. Supp. 3d 582, 589 (E.D. Mich. 2018) (cleaned up).

### III.   ANALYSIS

#### A. ADA Claims

Here, Defendant's argument is anchored in *Regan v. Faurecia Auto. Seating, Inc.*, 679 F.3d 475 (6th Cir. 2012). Defendant argues that *Regan* set out a bright-line rule that an employer is not required to offer ADA accommodations based on commute time. Notably, *Regan* was decided on a motion for summary judgment. Moreover, in a case cited by neither party which is concerning to the Court, the Sixth Circuit more recently held that *Regan* and other cases did not create a "categorical rule" that shift changes cannot serve as the basis for a finding of discrimination. *Threat v. City of Cleveland, Ohio*, 6 F.4th 672, 679 (6th Cir. 2021).

*Regan* is also factually distinguishable from the present case. In *Regan*, the Sixth Circuit held that an employee's request for accommodation was unreasonable due to the employee's voluntary decision to move away and lack of any documented safety risk associated with her disability. Moreover, unlike the present case, the plaintiff in *Regan* requested a schedule change as a new accommodation.

Returning to the allegations in this case, which the Court must accept as true at the present juncture, Plaintiff claims that she moved from Nashville to Centerville, Tennessee in November of 2020 and was allowed to work 8:30 a.m. - 3:00 p.m. due to her longer commute, a shift she worked for over 3 years until a new manager changed Plaintiff's hours to 7.30 a.m. – 4:00 p.m. (Compl. ¶¶ 17-19). Plaintiff alleges that she then filed a request for accommodation and received affirmation of the need to adjust her schedule, but her manager refused her accommodation. (*Id.* ¶¶ 20-23).

Accepting these allegations as true, and with the *Threat* court's reminder that some shift changes may constitute discrimination, Defendant's motion on the ADA claims is denied.

**B. TDA Claim**

Defendant also moves for judgement on the pleadings on Plaintiff's TDA claim by pointing to authority that suggests the TDA does not require reasonable accommodation for disabled employees. Defendant is correct, and Plaintiff's response does not address this argument. *Hall v. Wal-Mart Stores E., LP.*, 637 F. Supp. 2d 588, 603 (M.D. Tenn. 2009) (citation modified) ("As a matter of law, an employer is not required to provide a reasonable accommodation under the THA. As the Sixth Circuit noted, 'a determination that an accommodation is required for the employee to perform the functions of the job ends the inquiry under Tennessee law, but does not do so under the ADA.' Thus, Plaintiff's assertion that Defendant violated the THA by failing to provide a reasonable accommodation is without merit."); *Jones v. Sharp Elecs. Corp.*, No. W2013-01817-COA-R3CV, 2014 WL 806131, at *3 (Tenn. Ct. App. Feb. 28, 2014) ("Unlike its federal counterpart, the Americans with Disabilities Act (ADA), the TDA does not impose a duty on employers to make reasonable accommodations to accommodate a disabled employee."); *Easter v. Asurion Ins. Servs., Inc.*, 96 F. Supp. 3d 789, 801 (M.D. Tenn. 2015) (cleaned up) ("In any event, claims under Tenn. Code Ann. § 8–50–103(a) are 'analyzed under the same principles as those utilized for the ADA,' with one critical distinction that is dispositive here: the TDA does 'not include a 'reasonable accommodation' component.'"); *White v. Interstate Distributor Co.*, 438 Fed. Appx. 415, 419 (6th Cir. 2011) ("Under the TDA, employers do not have to make reasonable accommodations for employees that cannot perform the essential functions of their jobs.").

Thus, Defendant's motion is granted as to Plaintiff's TDA claim.[1]

---

[1] The Court also notes that Defendant included a number of lengthy footnotes in its Reply, presumably to stay within the 5-page limit required by LR 7.01(a)(4). *See* Doc. No. 28 at 2-5. Such practice

## IV.    CONCLUSION

For the reasons stated, Defendant's Motion for Judgement on the Pleadings (Doc. No. 19) is **GRANTED** in part and **DENIED** in part.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

does not comport with the purpose of Rule 7.01, and Defendant is cautioned to avoid making substantive arguments in footnotes going forward.